UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
DOUGLAS CROMWELL, JR. AND
MARY CROMWELL,                                                          Chapter 13
          DEBTORS.                                                      Case No. 08-15944-WCH

_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Motion of Chapter 13 Trustee For Order Dismissing Case" (the "Motion to Dismiss") filed by Carolyn Bankowski (the "Trustee"), the Chapter 13 trustee, and the "Debtors' Affirmative Responses to Motion of Chapter 13 Trustee For Order Dismissing Case" (the "Response") filed by the Douglas Cromwell, Jr. and Mary Cromwell (the "Debtors").  The Trustee seeks dismissal pursuant to 11 U.S.C. § 1307(c) because the Debtors, who have above-median income, have proposed a Chapter 13 plan with a term of only thirty-six months, which the Trustee asserts renders the Plan unconfirmable.  For a plethora of reasons, the Debtors argue that they are not required to file a plan with a term of sixty months.   For the reasons set forth below, I will order the Trustee to file either an objection to confirmation accompanied by a motion to file such objection late or a withdrawal of the Motion to Dismiss.

**II. BACKGROUND**

The Debtors filed a joint Chapter 13 petition on August 8, 2008.  On August 20, 2008, they filed their Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form 22C") which reflected that they were above-

1

median income debtors with an applicable commitment period of five years pursuant to 11 U.S.C. § 1325(b)(4)(A)(ii). At no point have the Debtors have sought to amend Form 22C.

To date, the Debtors have filed four Chapter 13 plans. Their first two plans, filed on August 20, 2008, and October 28, 2008, respectively, provided for a term of sixty months, but indicated that the Debtors were proposing this term pursuant to 11 U.S.C. § 1322(d)(2), rather than 11 U.S.C. § 1325(b)(4)(A)(ii), because they had insufficient income to fund a shorter plan. Both of these plans proposed to treat Countrywide Home Loans, Inc. ("Countrywide"), the then holder of a note secured by a first mortgage on their principal residence, as a secured creditor and cure the prepetition mortgage payment arrears through the plan while maintaining post-petition payments outside of the plan. Additionally, both plans contemplated no dividend to general unsecured creditors. No objections to the First Amended Chapter 13 Plan were filed and, on January 5, 2009, the Trustee submitted a proposed order confirming the plan to the Court.

At the request of the Debtors, however, the First Amended Chapter 13 Plan was not confirmed.[1] Instead, on January 21, 2009, the Debtors sent written notification to Countrywide's counsel of their election to rescind Countrywide's refinancing transaction pursuant to the Massachusetts Consumer Credit Cost Disclosure Act (the "MCCCDA").[2] On the same date, the Debtors filed an objection to Countrywide's claim, contending that, in light of their purported rescission, Countrywide's claim was unsecured. Countrywide disputed the validity of the rescission, so the Debtors commenced an adversary proceeding on February 20, 2009, asserting violations of the MCCCDA and seeking rescission (the "Adversary Proceeding").

---

[1] Due to clerical error, an order confirming the First Amended Chapter 13 Plan entered on February 6, 2009, but was vacated on February 9, 2009.

[2] Mass. Gen. Laws ch. 140D, § 1 *et seq.*

2

Three days after the commencement of the Adversary Proceeding, the Debtors filed amendments to various schedules and a Second Amended Chapter 13 Plan, the purpose of which was to reflect Countrywide's new status as an unsecured creditor on account of the purported rescission. In addition to reclassifying Countrywide as a general unsecured creditor, the Debtors increased the dividend to general unsecured creditors from 0% to 11.3% and reduced the proposed term of the Second Amended Chapter 13 Plan to thirty-six months, citing 11 U.S.C. § 1325(b)(4)(A)(i). On March 6, 2009, the Trustee filed an objection to confirmation asserting that the Second Amended Chapter 13 Plan could not provide for a term less than the applicable commitment period of sixty months because unsecured creditors were to receive less than full payment.

The Debtors filed a response to the Trustee's objection to confirmation on March 23, 2009, and a supplemental response on April 6, 2009. In summary, they argued that Form 22C was improperly prepared and that they were not, in fact, above-median income debtors. In support, they cited flaws in the means test contained within Form 22C and changed circumstances since the petition date that they asserted should dictate the confirmability of any plan. On April 22, 2009, the day before the Trustee's objection to confirmation was scheduled to be heard, the Trustee withdrew her objection to confirmation without explanation.

On September 27, 2010, the Debtors filed the Third Amended Chapter 13 Plan (the "Third Amended Plan"). The Third Amended Plan provided for a term of thirty-six months and a total cost of $22,501.00.[3] Notably, unlike the prior plans, the Third Amended Plan does not estimate a dividend to general unsecured creditors, but is instead a "pot plan" whereby they will simply receive a dividend from the funds paid into the plan net of the allowed administrative and

---

[3] Though not critical to understanding the issue now before me, I note that, by way of clarification, each of the Debtors' proposed plans provided for a radically different monthly payment.

3

priority claims. Here, the Debtors calculated that $12,021.31 would be paid to general unsecured creditors on account of claims totaling $459,153.30. On October 27, 2010, Countrywide filed an objection to confirmation based on the treatment of its claim under the Third Amended Plan. Undoubtedly, because Countrywide disputed the rescission and believed itself properly classified as a secured creditor, it did not object to the proposed term of the plan. Thereafter, Countrywide's objection was consolidated with the Adversary Proceeding. The Trustee did not file an objection to the confirmation of the Third Amended Plan.

On September 27, 2011, after a full trial on the merits, I entered judgment in favor of the Debtors on both counts of their complaint and held, *inter alia*, that Countrywide holds an a general unsecured claim and is appropriately treated as such under the Third Amended Plan.[4] Countrywide filed a timely appeal to the United States District Court for the District of Massachusetts (the "District Court"). On September 20, 2012, the District Court affirmed in part, reversing only to the extent that I held that the Debtors' receipt of a single copy of Notice of Right to Cancel triggered an extended rescission period under the MCCCDA, and remanded the matter for the determination of reasonable costs and attorney's fees.[5] Countrywide did not appeal the order of the District Court and the parties subsequently filed a stipulation with respect to attorney's fees.

While the appeal was pending, the Debtors completed all payments called for under the Third Amended Plan. When the Debtors ceased making payments, the Trustee filed the Motion to Dismiss on March 21, 2012. As grounds, the Trustee contended that dismissal is appropriate

---

[4] *Cromwell v. Countrywide Home Loans, Inc. (In re Cromwell)*, 461 B.R. 99 (Bankr. D. Mass. 2011) *aff'd in part, rev'd in part and remanded sub nom. Cromwell v. Countrywide Home Loans, Inc.*, CIV.A. 11-12054-WGY, 2012 WL 4127910 (D. Mass. Sept. 20, 2012).

[5] *Cromwell v. Countrywide Home Loans, Inc.*, 2012 WL 4127910 at *12.

4

under 11 U.S.C. § 1307(c) for failure to file a confirmable plan because, pursuant to my decision in *In re Filion*,[6] the Third Amended Plan cannot be confirmed because the Debtors are above-median and required to file a sixty month plan. The Debtors filed the Response on April 13, 2012, asserting a number of defenses, including those raised in their prior response to the Trustee's objection to confirmation of the Second Amended Chapter 13 Plan. After several continuances at the request of the Debtors, I heard the Motion to Dismiss on October 11, 2012. At the conclusion of oral arguments, I took the matter under advisement.

### III. DISCUSSION

"Section 1307(c) of the Bankruptcy Code provides that, on request by a party-in-interest and after notice and a hearing, the court, for cause, may dismiss a case under Chapter 13 or convert the case to Chapter 7, whichever is in the best interest of the creditors and the estate."[7] The list of grounds warranting dismissal found in 11 U.S.C. § 1307(c) is non-exhaustive.[8] Among those listed, however, are the failure to file a plan timely under section 11 U.S.C. § 1321 and denial of confirmation of a plan under section 11 U.S.C. § 1325.[9] Read together, it is clear that failure to file a confirmable plan constitutes grounds for dismissal under 11 U.S.C. § 1307(c).

That said, the current procedural posture is awkward. The Trustee did not file a timely objection to the confirmation of the Third Amended Plan and there are no other objections

---

[6] *In re Filion*, 452 B.R. 329 (Bankr. D. Mass. 2011). *See* 11 U.S.C. § 1307(c).

[7] *Torres Martinez v. Rivera Arce (In re Torres Martinez)*, 397 B.R. 158, 166 (B.A.P. 1st Cir. 2008).

[8] *Id.*; *In re Earl*, 140 B.R. 728, 733 (Bankr. N.D. Ind. 1992).

[9] 11 U.S.C. § 1307(c)(3), (5).

pending.[10] Nevertheless, the Trustee contends that dismissal is appropriate because she believes, based upon my ruling in *In re Filion*, I will not confirm a plan proposed by an above-median income debtor where the term is less than sixty months unless it provides for payment in full for all general unsecured creditors. Seemingly, the Trustee's position anticipates that I will raise an objection *sua sponte* if she submits a proposed confirmation order and does not expressly raise an objection pursuant to 11 U.S.C. § 1325(b)(1)(B).[11]

The Trustee misreads my decision in *In re Filion*.[12] By way of background, several months before the expiration of the debtors' sixty month plan, they tendered payment to the Trustee in an amount equal to the remaining payments due under their confirmed plan and moved for entry of the discharge.[13] The Trustee objected to the early entry of the discharge on

---

[10] *See* Massachusetts Local Bankruptcy Rule ("MLBR") 13-8(a) ("Unless otherwise ordered by the Court, any objection to confirmation of a chapter 13 plan shall be filed on or before . . . thirty (30) days after the service of an amended or modified plan.").

[11] Section 1325(b)(1) provides in relevant part:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> * * *
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B).

[12] The Trustee's confusion may arise from one sentence of my discussion that states: "Section 1325(b)(1) now provides that a Chapter 13 plan may be confirmed only if it provides for either (1) full payment of all unsecured claims or (2) 'that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.'" *In re Filion*, 452 B.R. at 331. This sentence omits reference to the prerequisite that "the trustee or the holder of an allowed unsecured claim objects," 11 U.SC. § 1325(b)(1), because, with an emphasis on the word "now," I was comparing the pre-Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Sat. 23, 11 U.S.C. § 101 *et seq.*, language of 11 U.S.C. § 1325(b)(1) as quoted in the prior sentences to the amended language as it appears in that sentence. *See In re Filion*, 452 B.R. at 331. I clarify now that the Court cannot raise an objection pursuant to 11 U.S.C. § 1325(b)(1)(B) *sua sponte*.

[13] *In re Filion*, 452 B.R. at 330.

the basis that the plan cannot be considered complete until the applicable commitment period has expired.[14] I denied the debtors' motion, concluding that, as a matter of law, the debtors could not have completed payments under their confirmed plan prior to the expiration of the plan term.[15]

Reduced to its core, *In re Filion* stands for the unremarkable proposition that the completion of payments under a confirmed Chapter 13 plan has, in addition to a monetary component, a temporal component; namely, the term of the confirmed plan, which in most cases, as it was in *In re Filion*, is the applicable commitment period.[16] Therefore, it necessarily follows that a debtor cannot complete payments under a confirmed Chapter 13 plan and receive a discharge prior to the expiration of the plan term by simply remitting the total cost of the plan to the Trustee before such payments are due.[17] Not only could such payments hardly be said to be made pursuant to the plan, but a contrary rule would potentially do great harm to creditors by avoiding the requirements of confirmation under 11 U.S.C. § 1325(b) and foreclosing post-confirmation modifications under 11 U.S.C. § 1329(a).[18]

The present case is distinguishable from *In re Filion* for several reasons. First, the Third Amended Plan has not been confirmed. Second, unlike the debtors in *In re Filion*, the Debtors have completed both the monetary and temporal obligations imposed by the Third Amended Plan. Third, they are not trying to sidestep a meritorious objection made pursuant to 11 U.S.C. § 1325(b)(1)(B) by resorting to an improper procedure. To the contrary, the Debtors are following

---

[14] *Id.*

[15] *Id.* at 334-335.

[16] *Id*. at 332.

[17] *Id.* at 334.

[18] *Id.* at 334-335.

the standard confirmation procedures and, despite the opportunity, neither the Trustee nor any holder of an allowed unsecured claim raised such an objection to the Third Amended Plan.

Because *In re Filion* does not preclude confirmation of the Third Amended Plan, there does not appear to be any impediment to confirmation. If, however, the Trustee meant to assert an objection to confirmation of the Third Amended Plan pursuant to 11 U.S.C. § 1325(b)(1)(B) through the Motion to Dismiss, she must actually file such an objection accompanied by a motion to file it late. Otherwise, the Motion to Dismiss lacks merit and must be denied.[19]

## IV. CONCLUSION

In light of the foregoing, I will enter an order directing the Trustee to, within fourteen days, either file an objection to the confirmation of the Third Amended Plan accompanied by a motion to file such objection to confirmation late, or withdraw the Motion to Dismiss and submit a proposed confirmation order, failing which the Motion to Dismiss will be denied.

_William C. Hillman_
William C. Hillman
United States Bankruptcy Judge

Dated: November 28, 2012

Counsel Appearing:

    Richard L. Blumenthal, Silverman & Kudisch, P.C., Newton, MA,
        for the Debtors
    Carolyn Bankowski, Patricia A. Remer, Office of the Chapter 13 Trustee, Boston, MA,
        for the Chapter 13 trustee

---

[19] For this reason, I need not reach, or even discuss, the various defenses raised by the Debtors.